**IT IS HEREBY ADJUDGED and DECREED that the below described is SO ORDERED.**


**Dated: February 11, 2008**

_____
CRAIG A. GARGOTTA
UNITED STATES BANKRUPTCY JUDGE

_____


IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| | § | |
| LILLIAN FAYE RECTOR, | § | CASE NO. 07-11494-CAG |
| | § | |
| Debtor. | § | Chapter 13 |

ORDER GRANTING
DEBTOR'S MOTION TO AVOID LIEN PURSUANT TO 11 U.S.C. § 522(f)

On February 5, 2008, came on for hearing the Debtor's Motion to Avoid Lien Pursuant to 11 U.S.C. § 522(f) (the "Motion" or the "Motion to Avoid Lien"). The parties appeared through counsel and the Court heard arguments based on the record in the case. At the conclusion of the hearing the Court took the matter under advisement, and now issues its ruling on the matter.

The parties rely on prior filings and the procedural history of this case in general. The following matters, which are undisputed and of which the Court takes judicial notice, are reflected on the official docket sheet in this case.

The case was commenced on August 15, 2007, by the Debtor's filing of her Chapter 13 Petition and Schedules. Chick & Associates, Inc. ("Chick") was not listed by the Debtor as a secured or as an unsecured creditor. [*See* Docket No. 1, Schedules D, F.] Her original Chapter 13 Plan contained no treatment of, nor reference to, Chick's claim. [Docket No. 2.]

The Debtor listed on her original Schedule C, "Property Claimed as Exempt," an exemption

under 11 U.S.C. § 522(d)(5), also known as the "wildcard exemption," of the following:

> Undeveloped Land
> Lot 1 through 8, Block 11, Bastrop County, texas. Commonly known as Jackson/Houston Streets, Elgin, Texas. Land is appraised at $9,750.00, however, debtor believes land could be sold for $12,000 or more. In Debtor's Possession.

[Docket No. 1.] The Debtor listed the "Value of the Claimed Exemption" as $0.00, and the "Current Value of Property Without Deducting Exemption" as $12,000.

The Section 341 First Meeting of Creditors was set for September 26, 2007. [Docket No. 5.] Notice of that Meeting was apparently not sent to Chick. [Docket No. 6.] The Meeting was conducted and concluded on September 26, 2007. [Entry following Docket No. 11.]

On October 25, 2007, confirmation of the Debtor's original Chapter 13 Plan was denied. [Docket No. 22.]

On that same date, the Debtor amended her Schedules C and D, among others, and her matrix. [Docket No. 19.] She included Chick as a secured creditor on her Amended Schedule D, and listed two different attorneys and another entity as representing it. Her matrix was similarly amended. The claim was listed at $11,788.53, and as a judgment lien secured by "exempt real property," having a value of $12,000. The Debtor also amended her claimed exemption of the Undeveloped Land in Elgin, changing the "Value of the Claimed Exemption" to $211.47, but keeping the Value of the Property Without Deducting Exemption" as $12,000.

On that same date, October 25, 2007, the Debtor filed her first Amended Chapter 13 Plan. [Docket No. 20.] Like the original Plan, it too contained no treatment of, nor reference to, Chick's claim. Debtor's counsel served Chick, however, with a copy of the original Section 341 Meeting of Creditors Notice and her Amended Chapter 13 Plan on October 25, 2007. [Docket No. 26.] According to the record, this was the first notice of the case that Chick received.

On October 30, 2007, Chick filed Proof of Claim No. 10-1, asserting an unsecured nonpriority claim in the amount of $38,660.54, and checking the box indicating "there is no collateral or lien securing [its] claim, or [its] claim exceeds the value of the property securing it, or . . . none or only part of [its] claim is entitled to priority."

On December 11, 2007, the Debtor filed an Objection to Proof of Claim of Chick & Associates (the "Objection to Claim"). [Docket No. 37.] The Debtor in her Objection to Claim, noting that the claim was filed "as unsecured in amount," asked that the claim be "allowed and

classified as a secured claim with a lien" on the Undeveloped Land in Elgin. The Objection to Claim was filed with a notice providing that if no response were filed within twenty days of service, it might be sustained without further notice or hearing.

On that same date, Chick filed an Amended Proof of Claim, asserting a claim of $38,150.55 secured by, and to the extent of the value of ($12,000), the Undeveloped Land, and unsecured for the balance ($26,150.55). [Proof of Claim No. 10-2.]

Chick filed a Response to the Objection to Claim on December 17, 2007, in which it referred to its Amended Claim, asserting that it "cure[d] Debtor's objection." [Docket No. 47.] As a result of the filing of that Response, the Objection to Claim was set for hearing on January 8, 2008. [Docket No. 48.] At that hearing, Debtor's counsel announced that he was withdrawing her Objection to Claim in light of the claim's amendment.

On December 14, 2007, however, the Debtor had begun a new line of attack on Chick's claim. On that date, the Debtor again amended her Schedule C, along with Schedules A and B. [Docket No. 45.] This time, the Debtor listed the Undeveloped Land as having a value of $9,890, with a secured claim of $0.00, and claimed it as exempt to the full extent of its value under 11 U.S.C. § 522(d)(5), the "wildcard exemption." Consistent with those Schedule amendments, on December 26, 2007, the Debtor amended her Chapter 13 Plan again, this time including in the Plan's Supplemental Provisions a motion to avoid the $9,890.00 lien of Chick as to the "non-exempt portion of real property" and to treat its claim as totally unsecured. [Docket No. 50.] The Debtor also filed, that same day, a separate Motion to Avoid Lien, the subject of the hearing on February 5, 2008, in which she seeks the same relief as in the second Amended Plan. [Docket No. 51.]

On January 10, 2008, Chick filed a Response to the Motion to Avoid Lien. [Docket No. 57.] In the Response, it asserts two grounds for denial of the Motion: (1) that not all of the property is exempt, in that its value exceeds the allowed exempt amount under 11 U.S.C. § 522(d)(5), and (2) that the Debtor is judicially estopped by her prior allegations that Chick's claim was in fact secured by the property. On January 28, 2008, Chick filed an Objection to Confirmation of the second Amended Plan, asserting as grounds for denial of confirmation the Debtor's lack of good faith, based on her allegedly inconsistent positions on the secured status of its claim. [Docket No. 62.] In particular, Chick challenges the Debtor's right to avoid its lien, contending that the Debtor under the terms of the second Amended Plan is "attempt[ing] to avoid Chick's lien on 'non-exempt real

3

property'" when "there are no grounds to avoid this lien on non-exempt real property [and, i]nterestingly, Debtor does not show any non-exempt real property on her schedules." The confirmation hearing on the second Amended Chapter 13 Plan has been continued until February 12, 2008.

On February 4, 2008, Chick filed an Amended Response to the Motion to Avoid Lien [Docket No. 67], as well as an Amended Objection to Confirmation [Docket No. 66]. In its Amended Response to the Motion, Chick reurges its arguments that the value of the property exceeds the amount available to the Debtor to exempt under § 522(d)(5), and that the Debtor is judicially estopped to avoid the lien (citing authority for the latter argument). In the Amended Objection to Confirmation, Chick reiterates its arguments that the motion to avoid lien in the Plan attempts to avoid its lien on "non-exempt real property," and that not all the property is exempt since its value exceeds the available amount under § 522(d)(5). Chick also adds another argument that, according to her Schedule C, the Debtor exempted only $211.47 of the value of the subject property, so that the amount of the lien that can be avoided is limited to that amount.

At the hearing on February 5, 2008, on the Motion to Avoid Lien, counsel for Chick abandoned its argument that the property, because it is real estate, cannot be claimed as exempt under 11 U.S.C. § 522(d)(5).[1] With respect to the argument that the property is not fully exempt because its value exceeds the allowed amount under § 522(d)(5), Debtor's counsel argued that Chick was mistaken on the facts regarding what was listed on the Amended Schedules, and counsel for Chick contacted the Court after the hearing to agree that he had, in fact, been mistaken. After conducting its own review of the most recent Amended Schedule C, the Court agrees and so finds that Chick's objection to the Motion to Avoid Lien on that basis should be overruled.

Finally, the Court also rejects Chick's argument that the Debtor should be judicially estopped

---

[1] Assuming this argument is not barred by Chick's failure to timely object to Debtor's exemption in her second Amended Schedule C (*see **In re Schoonover***, 331 F.3d 575 (7th Cir. 2003); *accord*, ***In re Mitchell***, 80 B.R. 372 (Bankr. W.D. Tex. 1987)), and without deciding the issue here, this Court sees no restriction on exempting real estate under § 522(d)(5). The section itself allows exemption of "any property." Courts have held that this means that any property can be exempted under the subsection, provided that the property is part of the debtor's bankruptcy estate under Bankruptcy Code § 541. ***In re Smith***, 640 F.2d 888, 891 (7th Cir. 1981). Specifically, real property owned by the debtor but not used as a residence has been held to be properly exempted under § 522(d)(5). *See e.g.,* ***In re Hilbert***, 12 B.R. 434 (Bankr. E.D. Pa. 1981); ***In re Eldridge***, 15 B.R. 594 (Bankr. S.D. N.Y. 1981).

4

to challenge its lien. As pointed out in Chick's Amended Response to the Motion to Avoid Lien, the courts have found that, while "the circumstances under which judicial estoppel may appropriately be invoked are not reducible to any general formulation[, n]evertheless, several factors typically inform the decision whether to apply the doctrine in a particular case":

> First, a party's later position must be clearly inconsistent with its earlier position. Second, courts regularly inquire whether the party has succeeded in persuading a court to accept that party's earlier position, so that judicial acceptance of an inconsistent position in a later proceeding would create the perception that either the first or the second court was misled. Third, courts ask whether the party seeking to assert an inconsistent position would derive an unfair advantage or impose an unfair detriment on the opposing party if not estopped.

*New Hampshire v. Maine*, 532 U.S. 742, 743 (2001).

The Debtor argues that, for judicial estoppel to apply, the "inconsistent positions" must have been in two different actions, rather than in a single bankruptcy case as in this instance (assuming there were inconsistent positions at all). It may be that in the bankruptcy context, adversary proceedings and/or contested matters within the same bankruptcy case should be considered different "proceedings" for purposes of judicial estoppel. *See generally*, **In re Coastal Plains, Inc.**, 179 F.3d 197 (5th Cir. 1999), *cert. denied*, **Mims v. Browning Mfg.**, 528 U.S. 1117 (2000) (applying judicial estoppel in an adversary proceeding, filed in the bankruptcy case but being tried in district court after withdrawal of the reference, because of positions taken in filing schedules and litigating a motion for relief from stay earlier in the bankruptcy case).

However, the Court need not decide that question, because it finds that the Debtor's positions complained of here were not "clearly inconsistent." In fact, the Court finds, as her counsel argued at the hearing, the Debtor's having agreed that the claim is secured is not only entirely consistent with her attempt to avoid the lien, but it is also a necessary element in proving a right to such avoidance. Section 522(f)(1)(A), applicable here, provides in relevant part that "the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section, if such lien is . . . a judicial lien . . . ." In other words, the Debtor may only avoid "a lien" and only to the extent that "such lien impairs an exemption." Thus, there must be a lien, which presumably must be valid in order to impair an exemption of the Debtor. The Debtor's statements and positions in her pleadings and her actions in first objecting to the claim and seeking its allowance as secured, and

5

then seeking to avoid the lien and eliminate its secured status, are not inconsistent. The Court therefore finds and holds that the Debtor is not judicially estopped from seeking such lien avoidance.

Based on all the foregoing, therefore,

IT IS ORDERED that the Debtor's Motion to Avoid Lien of Chick & Associates, Inc. Pursuant to 11 U.S.C. § 522(f) shall be, and hereby is, GRANTED.

# # #